IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 04-cr-00080-CMA
(Civil Case No. 16-cv-01611-CMA)

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.

JAMES HUBER, *a/k/a* James Hubert,

      Defendant-Movant.

## ORDER DENYING MOTION
## TO VACATE SENTENCE

This matter is before the Court on Defendant's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 120). The Motion is denied for the following reasons.

### I.    BACKGROUND

In this case,[1] Mr. Huber was convicted of one count of armed bank robbery (count 1), and one count of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (count 2). The predicate crime of violence was count 1, a violation of the federal armed bank robbery statute. Mr. Huber was sentenced to 63 months as to count one, and 84 months as to count two, to be served consecutively.

---

[1] In 2006, Mr. Huber entered into a plea agreement in this case, which also incorporated a plea of guilty in Case No. 05-cr-00478-WJM.

Mr. Huber now contends that his sentence must be vacated because his firearm conviction is unconstitutional in light of *United States v. Davis*, 139 S. Ct. 2319 (2019).

## II.  STANDARD OF REVIEW

### A. STANDARD OF REVIEW FOR § 2255 MOTIONS

Under 28 U.S.C. § 2255, a prisoner in federal custody may challenge his sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A § 2255 petition "attacks the legality of detention...and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) *United States v. Bernhardt*, No. 96-CR-203-WJM, 2020 WL 2084875, at *1 (D. Colo. Apr. 30, 2020). The reviewing court must set aside the conviction if it determines that the sentence is unconstitutional or unlawful. 28 U.S.C. § 2255(b). However, if the motion and other documents before the court "conclusively show that [the d]efendant is not entitled to relief," the court may deny the motion without an evidentiary hearing. *United States v. Bernhardt*, No. 96-CR-203-WJM, 2020 WL 2084875, at *1 (D. Colo. Apr. 30, 2020); *see also See Hedman v. United States*, 527 F.2d 20, 21 (10th Cir. 1975)

### B. PRO SE STANDARD OF REVIEW

Because Mr. Huber is proceeding *pro se*,[2] the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by

---

[2] Mr. Huber's 2255 Petition was filed by counsel, but counsel was allowed to withdraw, so Mr. Huber is currently proceeding *pro se*.

attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to fashion [a d]efendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110; *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a [movants] complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the [movant] in the absence of any discussion of those issues."). Further, *pro se* litigants are still subject to the Federal Rules of Civil Procedure. *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001).

### III.   DISCUSSION

#### A. MR. HUBER'S FIREARM CONVICTION REMAINS VALID AFTER *United States v. Davis*

Although Mr. Huber does not dispute that the predicate offense for his firearms offense was federal bank robbery, he argues that he must have been convicted under the residual clause of 18 U.S.C. § 924(c), because his federal armed bank robbery offense does not satisfy the elements clause of § 924(c). He asserts that, because the residual clause of § 924(c) has been invalidated as void for vagueness,


his firearm conviction is invalid and must be vacated as unconstitutional pursuant *United States v. Davis*, 139 S. Ct. 2319 (2019).[3]

However, Mr. Huber's challenge to his § 924(c) conviction is precluded because the Tenth Circuit has held that federal bank robbery is a violent felony under the force language of the Armed Career Criminal Act's (ACCA) elements clause. *United States v. Dieter*, 890 F.3d 1203, 1210-14 (10th Cir. 2018).  The Tenth Circuit has also held that the force clause of § 924(c) and ACCA's elements clause are interpreted the same. *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064 (10th Cir. 2018).

Consequently, Mr. Huber's offense of federal armed bank robbery is a crime of violence under the elements clause of § 924(c).

## B. CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*,

---

[3] *Davis* involved a challenge to the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B). The *Davis* defendants had been convicted under § 924(c)(3)(B) of possessing firearms during a "crime of violence" – namely, a string of robberies. The defendants argued that those convictions could not stand because the definition of "crime of violence" in § 924(c)(3)(B) was unconstitutionally vague. The Supreme Court agreed. *Davis*, 139 S.Ct. at 2323-24

529 U.S. 473, 484 (2000)). The Court will not issue a certificate of appealability in this case because Mr. Huber has not made a substantial showing of the denial of a constitutional right.

## IV.  CONCLUSION

Based on the foregoing, Mr. Huber's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 120) is DENIED. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Huber has not made a substantial showing of the denial of a constitutional right.

DATED: August 25, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge